398

## BULLARD et al. v. COE, Com'r of Patents.
### No. 6548.

United States Court of Appeals for the District of Columbia.

Decided June 15, 1936.

Rehearing Denied Aug. 24, 1936.

B. G. Foster and Henry L. Foster, both of Washington, D. C., for appellants.

R. F. Whitehead, Solicitor of Patent Office, and Wm. Wallace Cochran, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

Appeal from a decree in the Supreme Court of the District of Columbia dismissing appellants' bill, filed under section 4915, R. S., as amended (35 U.S.C.A. § 63), to authorize the issuance of a patent to appellants for a process of treating the shells of nuts to render them more attractive. Claims 3, 5, 9, and 12 are involved; claims 3 and 9 are limited to pecan nuts.

The process consists in subjecting the nuts to a chlorine bath until the shell has assumed a color lighter than that desired in the finished product, then washing the bleached nuts, and thereafter subjecting them to a brown dye bath until they have assumed a desired darker color.

Since it was old to subject the shells of nuts to a chlorine bath for the purpose of bleaching them to improve their appearance (see patents to Good, 1,844,230, April 26, 1932; and Christie, 1,558,963, October 27, 1925), appellants must rely for patentable novelty upon the combined steps of bleaching and dyeing. The tribunals of the Patent Office cited the patent to Lichtenberger (No. 754,782, March 15, 1904) as a disclosure of the process of bleaching objects preparatory to dyeing, and held, as did the court below, that to combine the two steps did not involve invention. We are of the same view. Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005. Should it be desired to dye dark nuts to a uniform lighter color, it would be obvious first to bleach them and then dye them the selected color.

Decree affirmed.

Affirmed.